UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                  **Hon. Hugh B. Scott**

                  09CR259A

v.

                  **REPORT &
RECOMMENDATION**

LEON LLOYD JOHNSON,
                Defendant.

Before the Court is the defendant's motion to dismiss the indictment in this case (Docket No. 3).

**Background**

On July 22, 2009, an indictment was issued charging the defendant, Leon Lloyd Johnson ("Johnson") with intentionally importing various Schedule II controlled substances in violation of 21 U.S.C. §952(a) § 960(a)(1) and §960(b)(1)(H) [Count 1]; intentionally importing various Schedule I controlled substances in violation of 21 U.S.C. §§952(a), §960(a)(1) and §960(b)(3)[Count 2]; possession of various Schedule II controlled substances in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A) [Count 3]; possession of various Schedule I controlled substances in violation of 21 ss841(a)(1) and §841(b)(1)(c) [Count 4]; failing to declare and unload merchandise imported into the United States in violation of 18 U.S.C. §545; and forfeiture of all property used to facilitate the activity alleged in Counts 1-5 [Count 6].

1

The defendant asserts that the indictment should be dismissed based upon an alleged violation of the Speedy Trial Act. Johnson was arrested on January 30, 2009 at the Peace Bridge port of entry into the United States. He was brought before Magistrate Judge H. Kenneth Schroeder for an initial appearance on January 31, 2009 pursuant to a criminal complaint charging him with narcotics smuggling in violation of 21 U.S.C. §§952(a), 960(a)(1) and 960(b)(3). (See Criminal No. 09-mj-001, Docket No. 1). More specifically, the Criminal Complaint, as amended (see Criminal No. 09-mj-001, Docket entry for February 9, 2009) charged Johnson with violating 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3) based upon an attempt to smuggle 48,000 tablets testing positive for 3,4-methylenedioxymehtamphetamine ("MDMA"), a Schedule I substance. (See Criminal No. 09-mj-001, Docket No. 1)

The defendant was unable to post the bail set by Magistrate Judge Schroeder and remained in custody of the U.S. Marshal. On April 6, 2009, the government moved for a 30-day extension of time to indict Johnson. (See Criminal No. 09-mj-001, Docket No. 4). Magistrate Judge Schroeder granted the extension, ordering:

> ORDERED, that the date of April 10, 2009, previously set by the Court for dismissal of the Complaint 09-M-001 pursuant to Federal Rule of Criminal Procedure 48(b) shall be extended until May 11, 2009, and it is further
> ORDERED, that the Criminal Complaint will be deemed dismissed without prejudice, pursuant to Rule 48(b) on May 11, 2009, at 12:01 a.m., if a plea agreement is not consummated or the case is not indicted by that time, ... .

(See Criminal No. 09-mj-001, Docket No. 7).

On May 7, 2009, the government moved for a second 30-day extension in which to indict Johnson. (See Criminal No. 09-mj-001, Docket No. 10). On May 13, 2009, Magistrate Judge

Schroeder entered an Order denying the government's motion for a second extension of time to indict and deemed the Criminal Complaint to have been dismissed without prejudice as of May 11, 2009. (See Criminal No. 09-mj-001, Docket No. 11).

Johnson was not released from custody on May 11, 2009 or May 13, 2009, but remained in custody. It appears that the U.S. Marshal was not notified of the dismissal of the Criminal Complaint. The indictment in this case was issued on July 22, 2009 – 72 days after the dismissal of the Criminal Complaint. The defendant asserts that his indictment more than 30 days after being arrested, inasmuch as Johnson remained detained, violated his rights under the Speedy Trial Act.

**Discussion**

Generally, the Speedy Trial Act mandates that a defendant be brought to trial within 100 days from the time of his arrest. 18 U.S.C. §§ 3161(b) & (c)(1). The government has thirty days to indict a defendant after arrest and an additional seventy days to commence a trial against a defendant after indictment. 18 U.S.C. § 3161(b). Time may be excluded from counting toward the Speedy Trial clock under various subsections of 18 U.S.C. §3161(h).

The defendant contends that because he was not released, as he should have been, on May 11, 2009, the non-excluded time from May 11, 2009 until the date of his indictment on July 22, 2009 counts toward the Speedy Trial clock. [1] In as much as more than 30 days had passed, the

---

[1] Because Defendant has moved for dismissal pursuant to the Speedy Trial Act, he has the "burden of proof [in] supporting such motion." 18 U.S.C § 3162(a)(2). However, the Government has "the burden of going forward with the evidence in connection with any exclusion of time...." Id.; see also United States v. May, 819 F.2d 531, 533 (5th Cir.1987) ("Because the Government alone usually knows the reason for the delay, it bears the initial

defendant contends that the indictment must be dismissed. The defendant does not contend that the government intended to keep the defendant detained or that there was any malice or deception of the part of the government in the continued detention of Johnson after the May 11, 2009, dismissal of the Criminal Complaint. During oral argument, the defendant acknowledged that his continued detention was due to negligence on the part of the government in that no one contacted the U.S. Marshal's Office to advise them that the Criminal Complaint had been dismissed and that Johnson should be released.[2] The defendant does not articulate, and the record does not reflect, any attempt by the defendant or by defense counsel to secure the release of the defendant subsequent to the May 11, 2009 dismissal.

Johnson relies principally on United States v. DeJohn, 368 F.3d. 533 (6th Cir. 2004). (Docket No. 3 at page 4-5).[3] In DeJohn, the defendant was indicted prior to his arrest. The

---

burden of explaining why the violation occurred.")

[2] It appears that, in practice, the United States Attorney relies upon the Court staff to send notification to the U.S. Marshal to advise that a criminal complaint has been dismissed and that a defendant should be released. Such notification did not take place in this case.

[3] The defendant also cites to United States v. Holder, 399 F. Supp. 220, n.8 (D. S.D. 1975). That case did not address Speedy Trial Act issues. That case involved a motion to change venue relating to charges stemming from the 'Wounded Knee Takeover,' an incident occurring on the Pine Ridge Indian Reservation, South Dakota, between February 27, 1973 and May 8, 1973. In a footnote relating to the lapse of time between indictments, the Court stated that the statute of limitations continues to run between indictments and that "if the indictments are at all contemporaneous, continuous custody may trigger delay infringing a defendant's Sixth Amendment right to a speedy trial." Even if the defendant's argument were accepted, only 72 non-excluded days had passed. The defendant has not articulated a basis for a Sixth Amendment speedy trial claim. See United States v. Vila, 599 F.2d 21 (2d. Cir. 1979)(With respect to appellant's Sixth Amendment right, the Supreme Court has held that "(l)ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" are factors to be considered in speedy trial cases. In the instant case, the delay was shorter than in other cases where no Sixth Amendment violation was found. Barker v. Wingo, 407 U.S. 514, (1972) ("well over five years"); United States v. Lane, 561 F.2d 1075, 1078 (2d Cir. 1977)

4

initial indictment was dismissed, and the terms and conditions of his release on bail were terminated. The defendant was re-indicted 45 days later. He argued that the 30 day period to indict continued to run from the date of the dismissal of the initial indictment. The Court held that no Speedy Trial Act violation occurred. Although the facts in DeJohn are inapposite to the case at hand, the Court in DeJohn correctly noted the purpose of the requirement that an indictment be obtained within 30 days was to "insure that individuals will not languish in jail or on bond without being formally indicted on particular charges." DeJohn, 368 F.3d. at 538. The Court went on to further explain that the "[t]he purpose of the thirty-day rule is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself. ... The evil against which the Act is meant to protect is the extension of the period when the accused is under legal restraint but does not know the charges she will eventually face; where no legal restraint exists, the thirty-day limit is inapplicable." DeJohn, 368 F.3d. at 539. In the instant case, notwithstanding the dismissal of the Criminal Complaint, Johnson remained in jail for an additional 72 days without any charges being lodged against him. This constitutes a violation of 18 U.S.C. § 3161(b).

The government points to the fact that the Criminal Complaint was dismissed, without prejudice, on May 11, 2009 pursuant to Rule 48(b) prior to the expiration of the 30 day period in which to obtain an indictment, and that ordinarily, "[i]f charges are dismissed before expiration of the thirty-day filing period, there is no bar to their being resurrected in a new complaint or

---

("approximately 58 months"); United States v. Saglimbene, 471 F.2d 16, 17 (2d Cir. 1972), cert. denied, 411 U.S. 966 (1973) (six years).

indictment." U.S. v. Gaskin, 364 F.3d 438, 451 (2d. Cir. 2004) citing 18 U.S.C. § 3161(d)(1) (resetting speedy trial clock if, after a complaint charge is dismissed against a defendant, the defendant is recharged with the same offense in a new complaint or indictment).  However, such a rule implies that the defendant does not remain held continuously in custody for more than 30 non-excludable days as a result of the filing of the original criminal complaint.  The government argues that continued detention only triggers the Speedy Trial Act "in those instances where a defendant can demonstrate that the primary purpose of the detention was to hold him for future criminal prosecution." (Docket No. 10 at page 4).  The government cites to cases in which a defendant was civilly detained by the United States Immigration and Customs Enforcement ("ICE") authorities on administrative charges. These cases are distinguishable from the instant matter inasmuch as here the government had no administrative basis on which to detain Johnson.[4]  One case cited by the government, United States v. Rodriguez-Amaya, 521 F.3d 437 (4th Cir. 2008), addressed what type of federal action was necessary to trigger the provisions of the Speedy Trial Act. There, the Fourth Circuit expressly held that "the Speedy Trial Act does not apply to civil detention generally, and to ICE administrative detention specifically." Thus, an individual civilly detained pursuant to a immigration proceedings may not invoke the Speedy Trial Act provisions unless "the civil detention amounts to nothing but a cover for criminal

---

[4] For example, the government cites to United States v. Guevara-Umana, 538 F.3d 139 (2d. Cir. 2008) in which the defendant "was detained by the immigration authorities for two purposes: deportation and prosecution. He was held over the summer of 2004 while the civil authorities ascertained whether he had been granted permission to re-enter the United States. During that time, the immigration authorities also collaborated with the U.S. Attorney's Office for the purposes of a criminal investigation." Guevara-Umana, 538 F.3d at 142. The Court held that cooperation of this sort is not sufficient to establish collusion for the purpose of evading the Speedy Trial Act. Id.

6

detention." Rodriguez-Amaya, 521 F.3d. at 441. The Court in Rodriguez-Amaya concluded that "the Speedy Trial Act limits the Act's coverage to persons detained in connection with a federal criminal arrest." Rodriguez-Amaya, 521 F.3d. at 441. Thus, the holding in Rodriguez-Amaya is consistent with an application of Speedy Trial provisions to Johnson's continued detention pursuant to his criminal arrest on January 30, 2009.

The government also contends that the Speedy Trial Act provisions should not apply in this case because the defendant did not take any action to effectuate his release subsequent to the May 11, 2009 dismissal of the Criminal Complaint. The government has not demonstrated that the defendant was aware of the May 11, 2009 dismissal. Further, inasmuch as the government bears the burden to justify the defendant's continued detention, the government may not rely upon the fact that defense counsel did not seek Johnson's release after the May 11, 2009 dismissal of the Criminal Complaint.

The remedy for a violation of the thirty-day arrest-to-indictment rule pursuant to 18 U.S.C. §3161(b) is the dismissal of charges contained in the criminal complaint against the accused. Title 18 U.S.C. § 3162(a)(1) specifies, "[i]f, in the case of any individual against whom a complaint is filed ... no indictment or information is filed within the time limit required by section 3161(b) ... such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." Thus, it is recommended that **the charge contained in the Criminal Complaint**, namely that Johnson violated 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3) based upon an attempt to smuggle 48,000 tablets testing positive for 3,4-methylenedioxymehtamphetamine ("MDMA"), a Schedule I substance (See Criminal No. 09-mj-001, Docket No. 1) **be dismissed with prejudice**. The Second Circuit has held that dismissal of

7

an untimely indictment pursuant to § 3162(a)(1) is not required if it pleads different charges from those in the complaint, even if the indictment charges "arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint." Gaskin, 364 F.3d. at 451 citing United States v. Napolitano, 761 F.2d 135, 137 (2d. Cir. 1985). Thus, other than the charge relating to the importation of 3,4-methylenedioxymehtamphetamine ("MDMA"), the remaining charges in the indictment need not be dismissed.

**Conclusion**

Based on the above, it is recommended that the motion to dismiss the indictment be granted in part and denied in part, consistent with the above.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER**

**BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 16, 2009